IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-411-CR





ROBERT WILLIAM ARNOLD,



 APPELLANT


vs.





THE STATE OF TEXAS,




 APPELLEE


 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-92-471, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for life. Tex. Penal Code Ann.
§ 22.021 (West 1989). In his only point of error, appellant contends his trial counsel was
ineffective because he did not make an opening statement, failed to object to hearsay and
extraneous offense testimony, and failed to object to bolstering of the complaining witness.

 Both the prosecutor and defense counsel waived opening argument. This is basic
trial strategy which this Court will not second-guess on appeal. The hearsay testimony of which
appellant complains came from the counsellor at the complaining witness's elementary school. 
Because she was the State's designated outcry witness, her testimony relating statements made by
the complainant was admissible as an exception to the hearsay rule. Tex. Code Crim. Proc. Ann.
art. 38.072 (West Supp. 1993). As to the alleged extraneous offenses and bolstering, appellant
does not identify in his brief the testimony to which he refers other than to cite several pages from
the school counsellor's testimony. Because appellant's brief neither specifies the testimony of
which he complains nor contains any pertinent argument or authorities in support of his
contention, nothing is presented for review. Tex. R. App. P. 74(d), (f). 

 This Court has reviewed the totality of trial counsel's representation and finds that
it was within the wide range of professionally competent assistance. Strickland v. Washington,
466 U.S. 668, 690-92 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). The
point of error is overruled.

 The judgment of conviction is affirmed.

 

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 20, 1993

Do Not Publish